[Civ. No. 2322.   Second Appellate District.—June 15, 1917.]

JOHN H. MORSE, Appellant, v. SAN DIEGO HIGH SCHOOL BOARD OF EDUCATION OF THE CITY OF SAN DIEGO et al., Respondents.

SCHOOL LAW—DISCHARGE OF TEACHER—GIVING OF NOTICE — RIGHT OF BOARD OF EDUCATION.—A board of education has the right, by virtue of the provisions of subtitle "b," subdivision 7, of section 1617 of the Political Code, to dispense with the services of any teacher in the public schools at the close of any school year by giving notice to the teacher on or before the tenth day of June that his services will not be required for the ensuing year, as the privileges and requirements of the civil service system have not as yet been made applicable to teachers in the public schools of the state.

APPEAL from a judgment of the Superior Court of San Diego County.   W. A. Sloane, Judge.

The facts are stated in the opinion of the court.

F. F. Grant, for Appellant.

Spencer M. Marsh, District Attorney, for Respondents.

JAMES, J.—This is an appeal from a judgment of dismissal following the sustaining of a demurrer to the plaintiff's complaint.   The plaintiff asked for a writ of mandate to compel the issuance to him of a salary warrant to which he claimed to be entitled under an alleged employment as teacher in the San

Diego high school. The chief question to be decided is as to whether a city board of education has the right at the end of a school year to discharge a high school teacher at its discretion and without assigning cause therefor. Plaintiff by his complaint showed that he had been employed during the school year of 1915–16 as a teacher in the high school of the city of San Diego; that on May 16, 1916, the board of education gave notice of its determination that his services would not be required for the ensuing school year. It was further alleged that this notice was void and did not have the effect of terminating the employment of the teacher. Some other matters are set forth in the complaint which will hereinafter be referred to. It is argued on behalf of the appellant that no authority resides in a board of education, as conferred by the statutes of the state, to dispense with the services of a teacher without making charges against the competency or character of such teacher—in other words, that the teacher having once been employed cannot be dislodged from his position except for cause. Appellant's counsel argues that to permit such a thing to be done is contrary to the principles of the system of civil service, although he does not point to any provision of law which shows that the privileges or requirements of a civil service system have been extended to teachers in the public schools, unless section 1617 of the Political Code, subtitle "b" of subdivision seventh, operates to have that effect. We have examined that section with much care and, in our opinion, to give it the effect argued for by appellant would be to "legislate judicially" and import by construction provisions not found within the terms of that section, thus imposing upon the law a clearly forced interpretation. The language of the subtitle to which we have referred confers authority on boards of education "to employ the teachers, and immediately notify the county superintendent of schools, in writing, of such employment, naming the grade of certificate held by the teacher employed; also to employ janitors and other employees of the school; to fix and order paid their compensation, unless the same be otherwise prescribed by law; provided, that no board shall enter into any contract with such employees to extend beyond the close of the next ensuing school year; *except that teachers may be elected on or after June first for the next ensuing school year, and each teacher so elected shall be deemed re-elected from year to year thereafter unless the governing*

*body of the school district shall on or before the tenth day of
June give notice in writing to such teacher that his services
will not be required for the ensuing school year. . . . "* We
have italicized that portion of the section most important to be
considered here. To our minds, the right of a board of educa-
tion to dispense with the services of a teacher at the close of
any school year is only contingent upon the notice being given
as above prescribed, and which it is admitted by the allega-
tions of the complaint herein was given to this plaintiff. The
matter of providing instructors in the public schools has not
as yet been deemed appropriate by the law to be placed under
civil service rules, and there appears very good reason for the
exception. The desire of the governing bodies of school dis-
tricts, presumptively at least, is to secure the best of instruc-
tors for the students, and while a teacher or instructor once
employed may, so far as his or her general qualifications are
concerned, be competent, it may so happen that instructors or
teachers may be available who possess more extensive knowl-
edge and under whose instructions better educational results
can be secured. If, having once employed a teacher, a board
of education is powerless to dislodge him from his position,
except for cause, then where the opportunity is presented for
a betterment in the direction suggested, nothing can be done
and the best interests of the school will consequently suffer.
This may present an abstract argument, for, as we view the
language used in the provision cited, no room is left for debate
as to the meaning of the section.

We have referred to the fact that the complaint contained
other allegations as to certain matters. Those matters as set
forth are that there was a conspiracy among the members of
the board of education to deprive the plaintiff of his position,
and also that a certain rule of the high school board, declared
that a committee on teachers should give notice to all teachers
whom they did not intend to recommend for re-election, at
least five days before presenting their report to the board for
action. It was alleged further that this five-day notice from
the committee on teachers had not been given. As to whether
there was a conspiracy among the members of the board of
education is wholly immaterial, in view of the authority of the
board to dispense with the services of any teacher at the end
of any school year without assigning cause or reason therefor.
As to whether a teacher's committee was required to give

notice that they did not intend to recommend the re-election of teachers also appears to us to be immaterial. Any rule governing a subcommittee of the board of education certainly would not have the effect to qualify the authority of the board itself as given by the statute.

From the conclusions expressed, it follows that the demurrer was properly sustained and the judgment which was entered upon the failure of plaintiff to amend was a necessary consequence of the legal condition presented.

The judgment is affirmed.

Conrey, P. J., and Works, J., *pro tem.*, concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on August 13, 1917.